## WINCK v INDUSTRIAL COMMISSION

Ohio Appeals, 9th Dist. Summit Co

No 3024.   Decided June 10, 1938

Lewis A. Seikel, Akron and Nelson Hovey, Akron, for appellee.

Herbert S. Duffy, Atty Gen., Columbus, and Eugene Carlin, Asst. Atty. Gen., Columbus, for appellant.

## OPINION

By WASHBURN, J.

Harold F. Winck was employed by the Sinclair Refining Co. as an operator of a gasoline station.

On the night in question, at about 11 p. m., following the custom of discharging his duties, he hid in the station about $20 in change for the use of the attendant who would open and take charge of the station the next day; and presumably he had some money belonging to his employer, which, in accordance with the custom of the business, he placed in his pocket for

safe-keeping during the night. He performed the necessary service, of closing the station, locked the door, got into his automobile, which was on the premises, started the engine, and put the car in reverse gear.

Presumably before the car had backed off of the grease rack upon which it had been standing, some unknown person, for some unknown reason, shot Winck in the left temple, causing his immediate death; and the car, while out of control, backed in a semicircle, ran against an obstruction, and apparently stalled.

There is the additional fact that presumably Winck raised his left arm in the vicinity of his head just at the time the shot was fired, in such manner as to receive a slight creasing bullet wound on the left wrist

The next morning Winck was discovered at the wheel of said car in a slumped position, and money—about $30—was found still in his possession.

Under the charge of the court, to which there was no objection, the jury found that Winck was killed while in the course of his employment; that his death arose out of his employment; and that therefore he was entitled to compensation. The matter is before this court as an appeal on questions of law.

The finding of the jury that Winck was killed in the course of his employment was not manifestly against the weight of the evidence, but the finding of the jury that his death ensued from an accidental injury arising out of his employment, is, in the opinion of this court, mere conjecture. No robbery was completed, and the evidence furnishes no basis for anything more than a conjecture as to why and by whom he was killed.

Considering the competent evidence in the record, the fact that the deceased had money of his employer in his possession when he was killed is proved only by an inference, although that inference is justifiable; likewise the fact that the criminal's purpose in shooting was to rob is proved only by an inference, and such inference is met by an opposing inference deducible from the proved fact that no robbery was committed. The claim that the deceased was defending his employer's money at the time he was shot was proved only by inference, based to some extent upon the facts above referred to which are proved by inference. Finally, the conclusion, indispensible to recovery, that the death of the deceased arose out of his employment, is based largely upon the aforementioned facts so proved.

The distinction between conjecture and inference is as broad as philosophy itself. It is this: that an inference rests upon a premise of fact, and conjecture does not. In this case there was no evidence that the injury arose out of the employment. Such a conclusion was a mere conjecture.

If we are right in that conclusion, the motion made for a directed verdict in favor of the defendant below, appellant here, should have been granted.

The judgment will be reversed; and proceeding to render the judgment which the trial court should have entered, this court now orders that final judgment for defendant be entered.

STEVENS, PJ, and DOYLE, J, concur.